J-S46037-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAWN AARON HOBEL | : | |
| | : | |
| Appellant | : | No. 603 WDA 2024 |

Appeal from the PCRA Order Entered May 3, 2024
In the Court of Common Pleas of Lawrence County Criminal Division at
No(s): CP-37-CR-0000195-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAWN AARON HOBEL | : | |
| | : | |
| Appellant | : | No. 604 WDA 2024 |

Appeal from the PCRA Order Entered May 3, 2024
In the Court of Common Pleas of Lawrence County Criminal Division at
No(s): CP-37-CR-0000196-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAWN A. HOBEL | : | |
| | : | |
| Appellant | : | No. 605 WDA 2024 |

Appeal from the PCRA Order Entered May 3, 2024
In the Court of Common Pleas of Lawrence County Criminal Division at
No(s): CP-37-CR-0000202-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  | : |  |
| --- | --- | --- |
| v. | : | |
|  | : | |
|  | : | |
|  | : | |
| SHAWN AARON HOBEL | : | |
|  | : | |
| Appellant | : | No. 606 WDA 2024 |

Appeal from the PCRA Order Entered May 3, 2024
In the Court of Common Pleas of Lawrence County Criminal Division at
No(s): CP-37-CR-0001008-2017

BEFORE: LAZARUS, P.J., BOWES, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED: February 12, 2025**

Appellant, Shawn Aaron Hobel, appeals from the order entered in the Lawrence County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this appeal are as follows. Over the course of three days in December 2016, Appellant robbed three different convenience stores and led police on a high-speed vehicle chase.

> At case nos. 195 (robbery of West Pittsburg Main Street Market), 202 (robbery of Market 24 in New Castle), and 1008 (robbery of Ellwood City Uni-Mart) of 2017, … the Commonwealth filed identical informations charging [Appellant] with the following three crimes: robbery with threat of immediate serious bodily injury, a first-degree felony, in violation of 18 Pa.C.S.A. § 3701(a)(1)(ii); theft by unlawful taking, a second-degree misdemeanor, in violation of 18 Pa.C.S.A. § 3921(a); and receiving stolen property, a second-degree misdemeanor, in violation of 18 Pa.C.S.A. § 3925(a). The Commonwealth later withdrew the charges for receiving stolen property. At Case No. 196 of 2017, … the Office of the District Attorney of Lawrence County filed

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

- 2 -

an information on April 24, 2017, charging [Appellant] with aggravated assault, a second-degree felony, in violation of 18 Pa.C.S.A. § 2702(a)(4); terroristic threats with the intent to terrorize another, a first-degree misdemeanor, in violation of 18 Pa.C.S.A. § 2706(a)(1); unlawful restraint, a first-degree misdemeanor, in violation of 18 Pa.C.S.A. § 2902(a)(1); simple assault, a second-degree misdemeanor, in violation of 18 Pa.C.S.A. § 2701(a)(2); five counts of recklessly endangering another person (hereinafter "REAP"), a second-degree misdemeanor, in violation of 18 Pa.C.S.A. § 2705; fleeing or attempting to elude a police officer, a second-degree misdemeanor, in violation of 75 Pa.C.S.A. § 3733(a); and various summary offenses under the Pennsylvania Vehicle Code, 75 Pa.C.S.A. § 101 *et seq*. The Commonwealth later withdrew the charges for aggravated assault, simple assault and one count of [REAP].

[Appellant] filed an omnibus pretrial motion and petition for writ of *habeas corpus* relief on October 3, 2017, at case no. 196 of 2017 … and an omnibus pretrial motion and writ for *habeas corpus* relief at case no. 1008 of 2017 … on January 29, 2018. Those motions included a motion to suppress evidence—unlawful pursuit … at case no. 196 of 2017 … and a motion for suppression at case No. 1008 of 2017 … asserting Corporal Hoyland and Officer Lynch violated the [Municipal Police Jurisdiction Act ("MPJA"), 42 Pa.C.S.A. §§ 8951-8955]. At that time, [Appellant] was represented by Bradley G. Olson, Jr., Esquire. The court held hearings on those motions on November 28, 2017 and April 10, 2018. By order of court and opinion dated July 11, 2018, the court denied [Appellant's] omnibus pretrial motion.

On February 5, 2018, the Office of the Attorney General filed a motion to join and a hearing was held concerning that motion on August 8, 2018. [The trial] court formally joined the four cases together for trial by order of court dated August 8, 2018. On January 9, 2019, Attorney Olson filed a petition to withdraw as counsel of record seeking to be withdrawn as [Appellant's] counsel because he accepted employment with the office of the public defender creating a conflict of interest. On the same date, the court granted Attorney Olson's motion and his appearance was withdrawn. The court also appointed John J. Bongivengo, Esquire, as [Appellant's] counsel. On April 17, 2019, Attorney

- 3 -

Bongivengo filed a motion to withdraw as counsel and motion for a hearing on [Appellant's] *pro se* motion to self-represent, which requested Attorney Bongivengo's appearance be withdrawn as there was a potential conflict arising from [Appellant] contacting the Commonwealth with an offer to provide evidence against another client of Attorney Bongivengo. [Appellant] further wished to represent himself at trial. The [trial court] held a waiver of counsel hearing on June 5, 2019 and granted [Appellant's] request to proceed *pro se* along with appointing Michael C. Bonner, Esquire, as standby counsel. In the last pretrial matter, [Appellant] appeared before [the trial] court on September 17, 2019, for an extensive pretrial conference which also included a second waiver of counsel hearing. On that date, but filed on September 18, 2019, [the trial] court issued an order finding [Appellant] knowingly, voluntarily and intelligently waived his right to counsel.

A jury trial commenced the next week on September 23, 2019, during which [Appellant] proceeded *pro se* but had access to standby counsel. Both sides presented evidence at trial before the jury was given its instructions and sent to deliberate. On September 26, 2019, the jury returned a verdict and found [Appellant] guilty of all felony and misdemeanor charges still pending. [Appellant] also was found guilty by [the trial] court of the various summary offenses under the Vehicle Code. [The trial] court sentenced [Appellant] on October 22, 2019, and [Appellant] elected to have his standby counsel appointed to represent him in his full capacity.[2] [Appellant] filed post-sentence motion[s] on October 31, 2019, which raised numerous issues in support of receiving a new trial. However, on February 7, 2020, the court issued an order of court and opinion denying [Appellant's] post-sentence motions. Attorney Michael C. Bonner, on behalf of [Appellant], filed a notice of appeal on March 5, 2020[.]

\* \* \*

The Superior Court of Pennsylvania affirmed the judgment

---

[2] The court sentenced Appellant to an aggregate 20 to 40 years' imprisonment.

of sentence … on May 10, 2022.[3]  [Appellant] then filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on October 18, 2022.

[Appellant] filed a [*pro se* PCRA petition] on September 7, 2023, and a hearing was originally scheduled for February 8, 2024.[4]  However, that hearing was continued to and held on April 11, 2024.  In the interim period of time, [Appellant] filed an amended petition for [PCRA] relief on November 27, 2023.

At the hearing concerning the [PCRA petition], [Appellant] called Attorney Olson to testify.  Attorney Olson explained, at [Appellant's] preliminary hearing, the Commonwealth, who was represented at that time by the office of the district attorney, mentioned a potential plea offer of a term of incarceration of not less than five years nor more than ten years.  However, that was not a definite plea offer tendered by the Commonwealth as it would have been contingent upon the results of a record check of [Appellant]. [Appellant] informed Attorney Olson he would not consider any plea involving the three robberies as he insisted he was not involved in those crimes.  Attorney Olson also stated he met with [Appellant] on a sufficient number of occasions where it was apparent [Appellant] would not be willing to accept any plea involving the robberies.  As a result, Attorney Olson filed the omnibus pretrial motions arguing the evidence should be suppressed as Officer Lynch and Corporal Hoyland violated the MPJA.

(PCRA Court Opinion, filed 5/3/24, at 5-9) (internal footnotes and some capitalization omitted).

_____

[3] ***Commonwealth v. Hobel***, 275 A.3d 1049 (Pa.Super. 2022), *appeal denied*, ____ Pa. ____, 286 A.3d 710 (2022).

[4] In 2021, the court appointed current counsel to represent Appellant for his direct appeal.  On September 12, 2023, the court entered an order advising that current counsel remained appointed to represent Appellant in the PCRA matter.

By opinion and order entered May 3, 2024, the court denied PCRA relief. On May 24, 2024, Appellant timely filed separate notices of appeal at each of the underlying docket numbers. That same day, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed his Rule 1925(b) statement on June 4, 2024. On June 5, 2024, this Court consolidated the appeals *sua sponte*.

Appellant now raises one issue for this Court's review:

> The question presented on appeal is whether the PCRA court abused its discretion and committed prejudicial error when it denied Appellant's request for PCRA relief in the form of a new trial when it failed to find that pretrial counsel was ineffective.

(Appellant's Brief at 9).

On appeal, Appellant submits that Attorney Olson provided bad advice by instructing Appellant "to turn down a favorable plea offer … of five to ten years[.]" (*Id.* at 24-25). Appellant claims that Attorney Olson "was primarily concerned that [Appellant] would face a significant parole violation if he were to plead guilty to the charges." (*Id.* at 25). Appellant maintains that he relied upon Attorney Olson's advice, such that Appellant felt he "was not given the option of making the decision himself." (*Id.*) Appellant insists that Attorney Olson made things worse by demonstrating "overconfidence" in the likelihood of success for the pretrial motions, which contributed to Appellant's decision not to accept the plea offer. (*Id.* at 34). After the court denied the pretrial motions, Appellant argues that Attorney Olson failed to communicate "for a

lengthy period[.]" (*Id.* at 39). Appellant equates this lack of communication to abandonment, and Appellant also complains that Attorney Olson should have provided him with various pieces of discovery during this period. Additionally, Appellant contends that Attorney Olson did not have any strategic basis for these purported errors and omissions, and Appellant suffered prejudice as a result of Attorney Olson's advice. Appellant concludes that the PCRA court abused its discretion and erred by not finding Attorney Olson ineffective. (*Id.* at 44). We disagree.

"Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." *Commonwealth v. Beatty*, 207 A.3d 957, 960-61 (Pa.Super. 2019), *appeal denied*, 655 Pa. 482, 218 A.3d 850 (2019). "[W]e review the court's legal conclusions *de novo*." *Commonwealth v. Prater*, 256 A.3d 1274, 1282 (Pa.Super. 2021), *appeal denied*, ___ Pa. ___, 268 A.3d 386 (2021). "Traditionally, credibility issues are resolved by the trier of fact who had the opportunity to observe the witnesses' demeanor. A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts." *Beatty, supra* at 961 (internal citations and quotation marks omitted).

"Counsel is presumed to have rendered effective assistance." *Commonwealth v. Hopkins*, 231 A.3d 855, 871 (Pa.Super. 2020), *appeal*

*denied*, 663 Pa. 418, 242 A.3d 908 (2020).

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa.Super. 2019), *appeal denied*, 654 Pa. 568, 216 A.3d 1029 (2019) (internal citations and quotation marks omitted). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Commonwealth v. Chmiel*, 612 Pa. 333, 30 A.3d 1111 (2011).

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit." *Commonwealth v. Smith*, 167 A.3d 782, 788 (Pa.Super. 2017), *appeal denied*, 645 Pa. 175, 179 A.3d 6 (2018) (quoting *Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994)). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004) (quoting *Commonwealth v. Geathers*, 847 A.2d 730, 733 (Pa.Super. 2004)).

"Once this threshold is met we apply the 'reasonable basis' test to

determine whether counsel's chosen course was designed to effectuate his client's interests." ***Commonwealth v. Kelley***, 136 A.3d 1007, 1012 (Pa.Super. 2016) (quoting ***Pierce, supra*** at 524, 645 A.2d at 194-95).

> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

***Commonwealth v. King***, 259 A.3d 511, 520 (Pa.Super. 2021) (quoting ***Sandusky, supra*** at 1043-44).

"To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." ***Commonwealth v. Spotz***, 624 Pa. 4, 33-34, 84 A.3d 294, 312 (2014) (internal citations and quotation marks omitted). "[A] criminal defendant alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." ***Hopkins, supra*** at 876 (quoting ***Commonwealth v. Chambers***, 570 Pa. 3, 22, 807 A.2d 872, 883 (2002)).

"A criminal defendant has the right to effective counsel during a plea process as well as during trial." ***Commonwealth v. Felix***, 303 A.3d 816, 820

(Pa.Super. 2023), *appeal denied*, \_\_\_ Pa. \_\_\_, 315 A.3d 834 (2024) (quoting

***Commonwealth v. Bedell***, 954 A.2d 1209, 1212 (Pa.Super. 2008)).

> The decision whether to plead guilty or contest a criminal charge is probably the most important single decision in any criminal case. This decision must finally be left to the client's wishes; counsel cannot plead a man guilty, or not guilty, against his will.

***Commonwealth v. Chazin***, 873 A.2d 732, 735 (Pa.Super. 2005), *appeal denied*, 585 Pa. 686, 887 A.2d 1239 (2005) (quoting ***Commonwealth v. Copeland***, 554 A.2d 54, 60 (Pa.Super. 1988), *appeal denied*, 523 Pa. 640, 565 A.2d 1165 (1989)).

"Generally, counsel has a duty to communicate plea bargains to his client, as well as to explain the advantages and disadvantages of the offer." ***Commonwealth v. Marinez***, 777 A.2d 1121, 1124 (Pa.Super. 2001), *appeal denied*, 567 Pa. 739, 788 A.2d 374 (2001). A PCRA petitioner seeking relief on the basis that counsel's ineffectiveness caused him to reject a guilty plea must demonstrate the following:

> [B]ut for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

***Commonwealth v. Steckley***, 128 A.3d 826, 832 (Pa.Super. 2015), *appeal denied*, 636 Pa. 640, 140 A.3d 13 (2016) (quoting ***Lafler v. Cooper***, 566 U.S.

156, 164, 132 S.Ct. 1376, 1385, 182 L.Ed.2d 398, ___ (2012)).

Instantly, the PCRA court evaluated Appellant's issue as follows:

[T]he court finds Attorney Olson's testimony provided at the hearing … to be credible as it is evident he informed [Appellant] of the plea offers when they were furnished by the Commonwealth. Prior to [Appellant's] preliminary hearing, Attorney Olson informed [Appellant] the [Commonwealth] issued a tentative plea offer in which it would provide a sentencing recommendation of a term of incarceration of not less than five years nor more than ten years in exchange for [Appellant] entering a plea of guilty which would be dependent upon the results of a record check of [Appellant]. [Appellant] emphatically stated he would not accept a plea recommendation in which he would enter a guilty plea to charges pertaining to the robberies as he maintained his innocence. The only other plea offer presented by the Commonwealth included [Appellant] entering a guilty plea and, in exchange, the Commonwealth would not seek the deadly weapon enhancement at sentencing. Attorney Olson explained that plea offer to [Appellant] through correspondence dated June 26, 2018. It is [Appellant's] contention Attorney Olson urged him to refuse those plea offers based upon the belief they would have the charges dismissed at the preliminary hearing due to a lack of identification testimony and through the omnibus pretrial motions arising from alleged violations of the MPJA by Officer Lynch and Corporal Hoyland. Attorney Olson vehemently denied having urged [Appellant] to refuse either plea offer. It was [Appellant] who wished to reject those plea offers as he would not enter a guilty plea to any charges involving the robberies based upon his assertion of innocence. This also was corroborated through [Appellant's] attempts to negotiate a plea to certain summary offenses concerning the vehicle pursuit only.

Additionally, [Appellant] claims Attorney Olson failed to adequately communicate with him prior to withdrawing his appearance. Again, Attorney Olson testified he remained in constant communication with [Appellant] through written correspondences in addition to meeting with him in person on several occasions. The only period where there was not consistent communication occurred while Attorney Olson

- 11 -

was awaiting disposition of the omnibus pretrial motions as there was nothing to report to [Appellant]. Once [the trial] court issued its decision, Attorney Olson sent a correspondence explaining the decision to [Appellant] and providing him with a copy of the order and opinion. It is also important to recognize [Appellant] was not prejudiced by any perceived lack of communication from Attorney Olson between the issuance of the court's denial of the omnibus pretrial motion and Attorney Olson's withdrawal as that would not have had an impact on [Appellant's] trial as Attorney Olson was no longer representing [Appellant] when trial commenced.

(PCRA Court Opinion at 15-16) (some capitalization omitted).

Based upon our review of the record, the evidence adduced at the PCRA hearing supports the court's conclusions. *See Beatty, supra*. Regarding the Commonwealth's conditional offer of a five-to-ten-year deal, Attorney Olson explained:

So I don't know if a plea was actually presented. There was probably discussions of a potential offer of five to ten years. I do remember a term of five to ten years being discussed. Typically at [the preliminary hearing] though, it would always—number one, they usually do not offer plea offers there, and number two, if they do discuss some type of resolution, they will make it contingent upon a background check.

(N.T. PCRA Hearing, 4/11/24, at 10). Nevertheless, Appellant informed Attorney Olson that he would not take any responsibility for the robberies: "From the very beginning, from the very first time I met with him, it was his position that he was not involved in the robberies and he would not contemplate any plea as it related to those robberies." (*Id.* at 12). Against this backdrop, PCRA counsel posed the following question to Attorney Olson:

- 12 -

[PCRA COUNSEL:] Did you in fact tell [Appellant] not to take a plea deal or told him, you know, don't take five to ten, we're going to beat this or anything?

[ATTORNEY OLSON:] I would never do that.

(*Id.*)

Regarding the likelihood of pretrial relief, Attorney Olson added:

Obviously, I would go over with him any pretrial suppression issues that I may identify, even if it was at the preliminary hearing. I may discuss that with him, but I would never tell a client that I would guarantee a result from a pretrial motion and that the charges would be beat. Again, I've been practicing in two states for a very long time, and I know that more often than not, things are decided against the defense side on suppression motions and things of that nature.

(*Id.* at 13-14).

Finally, Attorney Olson denied any abandonment:

I never received anything from [Appellant] saying that he felt I abandoned him. I was always keeping him updated and advised as to what the status of his case was. Again, this came down to a circumstance where we litigated the pretrial motions. I believe it was several weeks … following that hearing that we actually received an opinion, so there was some time that we were awaiting to see what the [c]ourt was going to do on our challenges. Obviously, if we were successful on those challenges, the robbery cases and the high-speed chase would be dismissed because of the violations of the law. But again, if it was … overruled, my thought process was, well, this is going to be a trial, because again, [Appellant] did not want to plead.

(*Id.* at 18-19).

The court deemed Attorney Olson credible, and we grant great deference to this determination. ***See Beatty, supra***. In light of the credible

testimony from counsel, the PCRA court properly concluded that Appellant could not establish ineffective assistance in conjunction with the plea-bargaining process. **See Steckley, supra**. Accordingly, we affirm the order denying relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

2/12/2025